**LANE & NACH, P.C.**
2001 E Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Adam B. Nach – 013622
Email: adam.nach@lane-nach.com
Allison M. Lauritson – 022185
Email: allison.lauritson@lane-nach.com

Attorneys for Gayle Eskay Mills, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>METRO RESTAURANTS, INC.,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 4:14-bk-01278-BMW<br><br>**TRUSTEE'S APPLICATION TO EMPLOY PROFESSIONAL TO TERMINATE PROFIT SHARING PLAN; DECLARATION IN SUPPORT OF SAME** |

Gayle Eskay Mills, Chapter 7 Trustee, by and through counsel undersigned, herein makes application to the Court for an Order approving the employment of a professional on behalf of this Estate to terminate and wind down the Metro Restaurants 401k Profit Sharing Plan ("**PSP**") and any similar ERISA-governed employee benefit plans sponsored by Metro Restaurants, Inc. In support of this Application, Trustee respectfully represents as follows:

1. This case was commenced by a Voluntary Petition filed by the Debtor originally under Chapter 11 on January 31, 2014, which case converted to Chapter 7 on October 17, 2014 ("**Petition Date**").

2. Gayle Eskay Mills is the duly appointed and acting Trustee of the Chapter 7 Estate (hereinafter "**Trustee**").

3. To perform her duties herein, Trustee requires the services of Matthew J. Borror, as follows:

   (a) To report to the Trustee regarding the status of the PSP sponsored by the Debtor;

   (b) To make recommendations concerning the current compliance and subsequent wind down of the PSP;

(c) To assume primary responsibility for the preparation and filing of documents required to terminate the PSP; and,

(d) To provide other services as may be required by the Trustee from time to time with regards to the PSP sponsored by the Debtor.

4. Trustee has discussed with Matthew J. Borror (hereinafter "**Professional**"), his availability to be employed in this case and to perform the services required by this Estate. Professional has previously been employed in a bankruptcy case. Professional has extensive experience and expertise in performing this type of service. He has agreed to perform these services on the terms and conditions set forth herein.

5. For the foregoing and all other necessary and property purposes, Trustee desires to retain Matthew J. Borror to terminate the PSP in this case.

6. Trustee also requests authority to engage Professional in the event any other similar plan is determined to exist to assist in the winding up of that asset.

7. Professional has prepared an engagement letter setting forth the terms of employment attached hereto as **Exhibit "A"** as it pertains to the PSP only.

8. Trustee is informed that the hourly fee for Professional is $350.00, and that billing will be on the terms set forth in the attached engagement letter. Trustee believes such rate is the normal fee for this type of service.

9. Based on the information available, Trustee believes that the wind down of the PSP on the terms set forth on the attached Exhibit "A" is in the best interest of the Estate.

10. It is contemplated that Professional will seek compensation based upon normal and usual hourly billing rates.

11. Trustee has attempted to determine whether professional is a disinterested person within the meaning of 11 U.S.C. § 101(14). Attached hereto as **Exhibit "B"** is a Declaration of Matthew J. Borror in support of this Application.

12. Professional is aware of the provisions of 11 U.S.C. §330 and understands, notwithstanding the terms and conditions of employment herein set forth, that the approval of employment does not automatically approve the professional fees, and that the Bankruptcy Court may allow compensation different from the compensation provided herein upon a separate application for fees filed with the Court and after notice to all creditors and parties-in-interest providing the opportunity for the Court to review any objections which any party may have. Professional also understands that the Court may also consider the application in the absence of any objections, and may adjust the fees according to the merits of the particular case. 11 U.S.C. §§ 327, 328, 329, 330, and 331.

WHEREFORE, Trustee requests that this Court enter its Order approving the employment of Matthew J. Borror to terminate the PSP as described in the foregoing Application on the terms and conditions set forth in Exhibit "A" with compensation to be paid as an administrative expense in such amounts as this Court may hereinafter determine and allow following due notice; and, for such other and further relief as this court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of October, 2015.

**LANE & NACH, P.C.**

By    /s/ Allison M. Lauritson – 022185
    Adam B. Nach
    Allison M. Lauritson
    Attorneys for Trustee

COPY of the foregoing delivered via electronic notification

Scott D. Gibson
Law Office of Scott D. Gibson, PLLC
2329 N. Tucson Blvd.
Tucson, AZ 85716
Email: ecf@sdglaw.net
Attorney for Debtor

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Renee.S.Shamblin@usdoj.gov

By /s/ Kesha M. Jennings

# EXHIBIT A

# ENGAGEMENT LETTER

This Engagement Letter describes the services provided and fees charged by Matthew J. Borror in connection with his appointment as special counsel to Gayle Eskay Mills, Chapter 7 Trustee.

## Services

The scope of services is limited to those that relating to the ERISA-governed employee benefit plan(s) sponsored by the debtor. Those services include but are not limited to (1) reconciling trust assets, (2) determining whether other employers have adopted the plan, (3) verifying the plan's current and continued compliance with ERISA and the Internal Revenue Code (e.g., plan document is current, nondiscrimination testing performed, federal filings timely submitted, etc.), (4) drafting resolutions and amendments as necessary to terminate plan and maintain compliance, (5) overseeing distribution of assets to participants and beneficiaries, and (6) providing verification confirming that the wind down is finished.

## Fees

Mr. Borror's customary hourly rate is $350 per hour.

# EXHIBIT B

# DECLARATION OF MATTHEW J. BORROR

Matthew J. Borror, upon his oath states as follows:

1. I am an ERISA attorney working with the firm of Law Office of Matthew J. Borror and am well qualified to represent the Trustee with respect to the 401K Profit Sharing Plan and any other ERISA-governed employee benefit plan sponsored by the Debtor.

2. I am willing to accept employment by the Trustee on the basis set forth in the annexed Application on the terms set forth in the engagement letter attached as Exhibit "A."

3. I do not hold any interest or connections adverse or otherwise to this Estate, with the Debtor, creditors or any other party-in-interest, their respective attorneys and accountants, the Trustee or any person employed in the Office of the United States trustee; and I am a disinterested person or entity as defined in 11 U.S.C. §101(14).

4. I have agreed to accept the employment on the terms and conditions set forth in Trustee's Application and subject to the provisions of 11 U.S.C. §330(a).

5. I understand that notwithstanding the terms of the letter attached as Exhibit "A" and our firm's normal billing requirements, no final approval of the firm's fees or authorization for payment of the firm's fees can be made unless there is an application to the Court and approval for same.

I declare under penalties of perjury that the foregoing is true and correct.

Dated: 10/15/2015

LAW OFFICE OF MATTHEW J. BORROR

Matthew J. Borror